IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JESSICA JARRETT,

       Plaintiff,

v.                                      Case No. 15-0832-CV-W-DGK

HENKEL COPORATION, ET AL.

       Defendants.

## JOINT PROPOSED SCHEDULING ORDER & DISCOVERY PLAN

Come now the parties pursuant to Local Rule 16 of the Western District of Missouri and propose the following for the Court's consideration in entering a scheduling order and discovery plan in the above captioned case.

In accordance with Local Rule 26.1(a) and Fed. R. Civ. P. 26(f), a discovery planning meeting was held by telephone conference on December 3, 2015. Timothy H. Bosler Jr. appeared for the Plaintiff in Liberty, Missouri. R. Evan Jarrold appeared for the Defendant in Kansas City, Missouri.

**I.**

**JOINDER OF PARTIES:** Motions to add new parties should be filed by January 15, 2016.

**II.**

**MOTIONS TO AMEND PLEADING:** Motions to amend the pleadings should be filed by January 15, 2016.

By the submission of this proposal the parties are not agreeing that the pleadings should be amended.

## III.

**FILING OF MOTIONS:**

(a) All discovery motions should be filed by the close of discovery or within ten (10) days of when the issue arises which ever is later.

(b) Subject to the provisions of Rule 12(h)(2), all dispositive motions should be filed by August 29, 2016.

## IV.

**DISCOVERY DEADLINE:** The last day for propounding written discovery should be June 20, 2016 with discovery closing on July 25, 2016.

## V.

**STATUS OF DISCOVERY:** There has been no discovery to date by any of the parties.

## VI.

**PROPOSED DISCOVERY:** It is anticipated that the Plaintiff will have approximately five (5) depositions to take, submit requests for production, submit requests for admissions, and submit interrogatories.

It is anticipated that the Defendants will take approximately five (5) depositions, and submit requests for admissions, requests for production and interrogatories.

In addition additional depositions may be necessary by all parties.

## VII.

**RULE 26(a)(1) DISCLOSURES**: Both parties will make Rule 26(a)(1) disclosures to each other by January 8, 2016.

## VIII.

**TRIAL PROPOSAL:** This case should be set for a jury trial of about 3 to 4 days in length. It is suggested the case be set to begin on a mutually agreeable time after February 27, 2017.

## IX.

**DISCLOSURE OF EXPERTS:** With respect to a party who intends to call an expert for the purpose of supporting an affirmative claim for relief, disclosure of expert testimony shall be filed by February 19, 2016. With respect to a party who intends to call an expert for the purpose of defending against an affirmative claim for relief, disclosure of expert testimony shall be filed by April 22, 2016. The disclosures must comply with Federal Rule of Civil Procedure 26(a)(2).

## X.

**PROTECTIVE ORDER:** The parties believe a protective order will be necessary in this case. The proposed protective order will be filed by **December 18, 2015.**

## XI.

**ESI:** The parties have come to the following agreement regarding ESI: The parties do not anticipate the claims or defenses will involve extensive electronically stored information. To the extent there is any discovery concerning ESI, the parties may disclose/produce ESI in hardcopy or static form (e.g., .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "Bates" stamping. Consistent with the Federal Rule of Civil Procedure 34(b)(iii), the parties will presumptively need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated, e.g., when the original creation date of a document is at issue and disputed, or when a static image is not reasonably usable, e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file. The parties agree that there shall not be any waiver of the attorney-client privilege, work-product doctrine, or any other privilege should there be an inadvertent disclosure of privileged information contained in electronically-storied information produced in response to a discovery request.

4

## XII.

**PRETRIAL:** The following documents shall be filed prior to the pretrial conference:

a. **Motions in limine.** Twenty-one (21) days prior to the pretrial conference, motions in limine shall be filed. Responses to motions in limine shall be filed at least fourteen (14) days prior to the pretrial conference.

b. **Witness Lists.** Seven (7) days prior to the pretrial conference, pursuant to Local Rule 39.1, witness lists shall be filed. Each party shall file and serve a list of all witnesses who may be called to trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. No supplemental or amended witness lists will be allowed without leave of Court and for good cause.

c. **Exhibit Lists.** Seven (7) days prior to the pretrial conference, pursuant to Local Rule 39.1, exhibit lists shall be filed.

d. **Deposition Designations.** Fourteen (14) days prior to the pretrial conference, each party asserting claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, etc.) or asserting an affirmative claim shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

e. Seven (7) days prior to the pretrial conference, each party defending against an affirmative claim for relief shall file and serve:

i. Any objections to proposed deposition testimony designated by any other party;

ii. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

iii. A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

f. At least ten (10) days prior to the date the pretrial conference is to be held, each party shall disclose medical records to be used at trial, and each party shall have five (5) days prior to the pretrial conference to file any objections.

The following documents shall be filed prior to trial:

a. **Jury Instructions.** Fourteen (14) days prior to trial, the parties shall jointly submit an original (without sources) and an annotated (with sources) set of proposed jury instructions. Proposed annotated instructions shall reflect the authorities upon which the instruction is based.

b. **Voir Dire.** Fourteen (14) days prior to trial, counsel for each party shall file a list of proposed questions or topics for voir dire examination desired to be propounded by the Court.

**BOSLER LAW FIRM, PC**

By: /s/ Timothy H. Bosler Jr.
Timothy H. Bosler   Mo. Bar #23442
Timothy H. Bosler Jr. Mo. Bar #57846
5 Westowne St., Suite 500
Liberty, MO 64068
Telephone:   (816) 781-0085
Telecopier:   (816) 781-6338
Email: bosler@greenhills.net

**ATTORNEYS FOR PLAINTIFF**

Respectfully submitted,

s/ R. Evan Jarrold
Nikki Hininger Howell, MO Bar #56815
Nicholas J. Walker, MO Bar #56825
R. Evan Jarrold, MO Bar #64936
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
2600 Grand Blvd., Suite 750
Kansas City, MO 64108
Telephone: 816.472.6400
Facsimile: 816.472.6401
nhowell@constangy.com
nwalker@constangy.com
ejarrold@constangy.com

**ATTORNEYS FOR DEFENDANTS
HENKEL CORPORATION
and THOMAS "LT" MILLER**