# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JESSICA JARRETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-cv-0832-DGK |
| HENKEL CORPORATION and THOMAS "LT" MILLER, | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO REMAND

This lawsuit arises out of Plaintiff Jessica Jarrett's employment with Defendant Henkel Corporation ("Henkel"). Plaintiff alleges Defendants violated the Missouri Human Rights Act ("MHRA") by creating a hostile work environment and then, after a co-worker sexually harassed her, failing to take corrective action.

Plaintiff filed this case in the Circuit Court of Ray County, Missouri. Defendants removed to federal court by invoking the Court's diversity jurisdiction.

Now before the Court is Plaintiff's Motion to Remand (Doc. 13). Plaintiff argues the Court lacks diversity jurisdiction to hear this case because the amount in controversy does not exceed $75,000. Finding that Plaintiff's damages combined with her request for attorneys' fees might easily exceed $75,000, the motion is DENIED.

### Standard

A state court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the district court must remand the case to the state court from which it was removed. *Id.* § 1447(c). The burden of establishing

federal jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

A case falls within the court's original diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving the requisite amount by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). The removing party need not prove that "the damages *are* greater than the requisite amount," but that "the claims . . . could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citations omitted). Attorneys' fees authorized by a state statute are counted towards this amount. *Rasmussen*, 410 F.3d at 1031.

Whether the amount in controversy requirement is met is determined by looking at the complaint as of the time the notice of removal is filed. *Halsne v. Liberty Mut. Group*, 40 F. Supp. 2d 1087, 1089 (N.D. Iowa 1999). "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).

## Discussion

Plaintiff argues the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. She contends she does not intend to claim more than $75,000 in damages and attorneys' fees; she has not made any claim for punitive damages; and Defendant Henkel employed her for only one day, thus her damages will be limited.

2

In response, Defendants observe Plaintiff has not stipulated that she is seeking less than $75,000 or that she will accept a verdict of less than $75,000. They also contend that her compensatory damages (back pay, front pay, and emotional distress damages) or her request for attorneys' fees could each, by themselves, exceed $75,000. *See* Mo. Rev. Stat. § 213.111.2 (providing for recovery of attorneys' fees under the MHRA). Defendants have cited several MHRA cases in which compensatory damages alone exceeded $75,000, and several other MHRA cases where the attorneys' fee award exceeded $75,000.

The Court finds Plaintiff has pled a request for back pay and front pay which could easily exceed $40,000, and Plaintiff's attorneys' fees after a trial would probably not be less than $40,000. This combined amount is $80,000, higher than the jurisdictional threshold, thus Defendants have carried their burden.

Plaintiff's post-removal claim that she does not intend to seek more than $75,000 is irrelevant. *See Hatridge*, 415 F.2d at 814. She is bound by the amount in controversy at the time of removal.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 13) is DENIED.

**IT IS SO ORDERED.**

Date: February 2, 2016                              /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT

3