IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA JARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-0832-DGK |
| | ) | |
| HENKEL CORPORATION and | ) | |
| THOMAS "LT" MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises out of Plaintiff Jessica Jarrett's employment with Defendant Henkel Corporation ("Henkel"). Plaintiff alleges Defendants violated the Missouri Human Rights Act ("MHRA") by creating a hostile work environment and then failing to take corrective action after a co-worker sexually harassed her.

Now before the Court is Defendant Thomas "LT" Miller's ("Miller") Motion to Dismiss (Doc. 6). Miller alleges he should be dismissed because the Petition does not allege sufficient facts from which the Court could find he is an employer under the MHRA. Because Plaintiff concedes this argument by not responding to it, the motion is GRANTED. Plaintiff's claims against Miller are dismissed without prejudice.

**Standard**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Background**

The Petition alleges the following. Defendant Henkel is a Connecticut corporation which operates a manufacturing plant in Richmond, Missouri. Pet. (Doc. 1-1) at ¶¶ 2-3. Defendant Miller is "a lead production worker" and "an individual working in a supervisory capacity" for Henkel. *Id.* at ¶¶ 4-5.

Flexible Staffing,[1] a temporary staffing agency, hired Plaintiff to work for Henkel. *Id.* at ¶¶ 7-8. Henkel "controlled the manner and means" of Plaintiff's work, but Flexible Staffing provided her paycheck. *Id.* at ¶¶ 9-10.

Plaintiff worked in Henkel's plant for two days as a production worker. *Id.* at ¶¶ 4-5, 12. On August 26, 2015, Plaintiff was working in an isolated area of the plant with a male co-worker. *Id.* at ¶ 13. This co-worker sexually harassed her by referring to her as "hun" and "sweetheart" and by placing his hands on her buttocks and breasts. *Id.* at ¶ 14.

Plaintiff reported the harassment to her "supervisor Defendant Miller." *Id.* at ¶ 15. She also told Miller that she did not feel comfortable working with the employee in an isolated area,

---

[1] The Petition named Flexible Staffing as a Defendant, but Plaintiff dismissed it without prejudice on September 22, 2015. *See* Pl.'s Voluntary Dismissal of Def. Flexible Staffing of Clay County, LLC (Doc. 1-2) at 28-29.

and she asked to be assigned to another location, away from the harasser. *Id.* at ¶¶ 16-17. In response, Miller told her that she would have to deal with it or go home. *Id.* at ¶ 18. Plaintiff did not feel comfortable working through her shift, and so went home. *Id.* at ¶ 19.

Finally, the Court notes Miller has attached a Declaration (Doc. 7-1) to his brief in which he makes certain factual allegations.[2] The Court has not given any consideration to the Declaration because it is ruling on the pending motion as a Rule 12(b)(6) motion to dismiss, not as a motion for summary judgment.

## Discussion

The MHRA provides in relevant part that it is unlawful "for an *employer* . . . to discriminate against any individual . . . because of such individual's race, color, religion, national origin, sex, ancestry, age or disability." Mo. Rev. Stat. § 213.055.1 (emphasis added). "The term 'employer' includes 'any person employing six or more persons within the state and any person *directly acting in the interest of an employer* . . .'" *Id.* § 213.00(7) (emphasis added). While a supervisory employee falls within the meaning of "employer" under the MHRA, *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009), courts have consistently refused to extend liability under the law to employees not acting in a supervisory role. *Trickey v. Kaman Indus. Tech. Corp.*, No. 1:09cv26 SNLJ, 2009 WL 1974759, at *2 (E.D. Mo. July 7, 2009) ("The case law is clear that [a defendant] can only be individually liable under the MHRA if he was acting in a supervisory capacity."). No court has found an ordinary *coworker* to be an employer under the MHRA.

---

[2] In the Declaration, Miller swears under penalty of perjury that he has worked as a lead in extrusion since 2014 and, like all employees working in extrusion, he reports to a Production Supervisor. Dec. at ¶ 2. He states that "[a]s a lead, I am responsible for assisting employees on my shift with extrusion functions. However, I am not a supervisor of employees in extrusion." *Id.* at ¶ 3. Miller denies having any ability to "hire, fire, promote, discipline, issue performance evaluations, or affect other employees' wages." *Id.* at ¶ 4. Miller also denies taking any action on Plaintiff's employment during the one day they worked together. *Id.* at ¶ 5.

3

Miller argues the Petition fails to allege facts from which the Court can infer he should be treated as an employer under the MHRA, thus all claims against him should be dismissed with prejudice.

Plaintiff's sole response (Doc. 12) is that "this Court does not have jurisdiction over this case and does not have jurisdiction to rule on Defendant Miller's Motion. *See*, Plaintiff's Motion to Remand filed in this case." Suggestions in Supp. (Doc. 12) at 1. Plaintiff's Motion to Remand, however, argues only that this Court lacks jurisdiction because the amount in controversy does not exceed $75,000. It does not deny that she failed to plead sufficient facts from which the Court can find Miller is an employer under the MHRA.[3]

Any argument Plaintiff might have that the Complaint alleges sufficient facts is completely undercut by her failure to address Miller's argument. A plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims. *Ursery v. Fed. Drug Enf't Admin.*, No. 4:12-cv-1911-HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) (listing cases). Hence, the Court treats Plaintiff's failure to address Miller's arguments as a concession that the Petition does not state an MHRA claim against him.

Accordingly, Miller's Motion to Dismiss (Doc. 6) is GRANTED. Plaintiff's claims against Miller are dismissed without prejudice.

**IT IS SO ORDERED.**

Date: February 2, 2016                             /s/ Greg Kays
                                                                GREG KAYS, CHIEF JUDGE
                                                                UNITED STATES DISTRICT COURT

---

[3] As discussed in a companion order denying Plaintiff's motion to remand, the Court possesses diversity jurisdiction over this case.